DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROWARD COUNTY,**
Appellant,

v.

**JOSE P. FONT,**
Appellee.

No. 4D19-150

[January 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos Augusto Rodriguez, Judge; L.T. Case No. CACE18005571(14).

Andrew J. Meyers, Broward County Attorney; Rocio Blanco Garcia and Joseph K. Jarone, Deputy County Attorneys, Fort Lauderdale, for appellant.

Jose P. Font and Jaime Martin of Font & Nelson, PLLC, Fort Lauderdale, for appellee.

MAY, J.

Broward County appeals a final summary judgment. It argues the trial court erred in determining the landowner was entitled to a reduction in his property's appraisal market value, pursuant to a settlement agreement between Broward and the City of Dania. We agree and reverse.

In 1995, Broward County and the City of Dania entered into a settlement agreement (Interlocal Agreement or "ILA") over the expansion of the Fort Lauderdale Airport. Pursuant to the ILA, Broward agreed to a program called the Conveyance and Release Agreement Program ("CAR"). That agreement allowed certain homeowners to execute a release relating to the airspace above their property in exchange for a 14.4% or 21.9% reduction of the property's appraisal market value. Section 2(b)(ii)b of the 2013 ILA limits CAR access to eligible property owners.

> b. The Voluntary Sales Assistance Program (both Standard Program and CAR Program) shall **only** be available for owners

of all single family homes, condominium units, townhomes, and 2-unit residences located within the 65+ DNL noise contours who purchase their **residences** before the Effective Date of this Agreement.

(Emphasis added).

The relevant ILA's effective date was November 19, 2013. The landowner purchased his property on February 8, 2013, prior to the effective date. Section 2(b) of the ILA provides that participation in the program is contingent upon the availability of federal funds.

In 2016, the landowner requested to be included in the CAR for a reduction in the appraised market value of his home. Broward rejected his request because he was not the owner of a qualifying residence. The ILA provided that to be eligible, property owners needed to have purchased their "residences" before the ILA's effective date. According to Broward, the landowner did not have a certificate of occupancy for his property on that date, so he did not qualify. Broward also confirmed that federal funds were unavailable because the landowner was not an eligible homeowner.

The landowner sued Broward alleging breach of the ILA (Count I) and seeking a declaratory judgment that he was entitled to participate in the CAR (Count II). He alleged he purchased the property on February 8, 2013 from a seller who was in the rebuilding process. He alleged that after purchasing the property, he sought permits and contracts to continue rebuilding the home. He asserted that he was fully vested in the home's reconstruction that was originally built long before the underlying litigation ensued.

The landowner immediately moved for summary judgment. He argued entitlement to compensation for the runway expansion under the ILA. He attached permits and his contract with the general contractor.[1]

Broward answered and raised twelve affirmative defenses, including:

- sovereign immunity
- the landowner was not a third-party beneficiary of the ILA and lacked standing

---

[1] The unsworn, uncertified exhibits included an agreement between a contractor and the landowner dated March 9, 2013, for drawing plans and construction of the residence, and a permit dated October 10, 2013, for building demolition.

- the landowner was not the owner as of the ILA's effective date
- the statute of limitations
- the landowner had notice of the runway when he commenced construction
- the landowner failed to meet prerequisite conditions under the program, and others.

Broward filed a cross-motion for summary judgment. It argued it had sovereign immunity from suit, the landowner was not a third-party beneficiary to the ILA, and he did not own a residence on the ILA's effective date. In support of its cross-motion, Broward filed the CRA's project manager's affidavit.

The manager attested that the landowner did not qualify as an eligible homeowner under the ILA. He attested that the prior residence was demolished in approximately 2011 before the landowner purchased the property; and the new residence was not completed and did not have a certificate of occupancy until after the ILA's effective date.

Between 2010 and 2018, the Property Appraiser took photos of the property showing a structure in 2010. By 2012, all buildings on the property had been demolished. On December 2, 2013 (thirteen days after the ILA's effective date), there were only "the beginnings of a foundation and construction on the site." The Property Appraiser did not assess a value for any building on the property until 2015, as "there was no substantially complete building structure in existence on the Property during the prior tax year (i.e., based on the period January 1 through December 31, 2013)."

In opposition to the landowner's motion, Broward argued that the landowner failed to submit affidavits supporting his motion. The submitted documents were neither sworn nor certified and should not be considered. Broward argued the landowner was not entitled to summary judgment because Broward was immune from suit under sovereign immunity. Broward also argued the landowner was not a third-party beneficiary of the ILA and did not own a residence on its effective date.

The landowner opposed Broward's motion for summary judgment. He argued that Broward was bound by its CAR project manager's deposition testimony. There, when asked what portion of the ILA prevented the landowner from being entitled to the 21.9 percent of the appraised value of his house, the project manager never mentioned sovereign immunity.

The landowner argued that Broward could not take a position contrary to the project manager's sworn testimony.[2]

The court conducted a hearing on the motions and made oral conclusions:

> Court: Okay. Here's what I'm going to do: I'm going to grant the – the county's motion as to count I. This is not a breach of contract.
>
> And as far as [the landowner's] motion for summary judgment on the declaratory judgment, I'm going to find that you meet the definition of a residence, and therefore, that you are – as defined with the – agreement, you're entitled to benefits. Okay. Let's do it that way.

The County asked for clarification on Count I and the court stated that the County was immune from breach of contract claim in count I under sovereign immunity. On the declaratory judgment count, the court found that landowner met the definition of a residence and that he was entitled to the benefits. The court instructed the parties to draft an order. The court entered the final summary judgment for the landowner on the declaratory relief count.

We have de novo review of a final summary judgment. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000).

Broward argues the trial court should have granted its motion for summary judgment because the CAR was available only to those who owned a qualifying residence before the ILA's effective date. It argues that although the landowner bought the property on February 8, 2013, the property only had a partially completed concrete foundation. It did not qualify as a residence under the terms of the ILA.

Section 2(b)(ii)b of the ILA states:

> [The CAR] shall **only** be available for owners of all single family homes, condominium units, townhomes, and 2-unit

---

[2] The landowner also argued that his claim was not barred by sovereign immunity because Broward waived that defense when it entered into the ILA. The ILA was an express written contract into which Dania Beach and Broward had authority to enter.

4

residences located within the 65+ DNL noise contours who purchase their **residences** before the effective date of this Agreement.

(Emphasis added).

Broward argues the court incorrectly concluded that having the ability to construct a residence entitles the landowner to participate in the CAR without owning a residence on the ILA's effective date. It suggests the court rewrote the terms of the ILA to include the homeowner. It argues that even if the court's reading of the ILA was correct, the landowner failed to provide any admissible evidence that he intended to construct a residence on the property because his documents were neither certified, nor sworn to.

The landowner responds that he purchased the property prior to the ILA's effective date. He suggests that the ILA identified eligible property owners as third-party beneficiaries by way of a 2008 Federal Aviation Administration zoning map that indicated properties projected to be damaged by the noise pollution.

We disagree with the landowner. The zoning map may have set out the area over which the ILA applied, but it did not establish the basis for reimbursement. Section 2(b)(ii)b of the ILA specifically set forth the requirements for participation in the CAR. It required that residents of that zoned area have purchased their "residences" prior to the signing of the ILA.

Pursuant to the ILA, the landowner did not own a qualifying "residence." As Broward points out, "residence" is defined in *Merriam-Webster*, https://www.merriam-webster.com/dictionary/residence, to mean "the place where one actually lives as distinguished from one's domicile or a place of temporary sojourn" and "a building used as a home." The landowner did not live on the property on the ILA's effective date nor was he taxed as owning a residence at that time. The trial court erred in construing the ILA beyond its common-sense terms. We therefore reverse and remand the case to the trial court for entry of summary judgment for Broward.[3]

---

[3] Because we reach this conclusion as a matter of law, we need not address the other issues raised (the sufficiency of the documents attached to the landowner's motion for summary judgment and the sovereign immunity defense).

*Reversed and Remanded.*

TAYLOR and CONNER, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**